IN THE UNITED STATES DISTRICT COURT
FOR THE  MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ERIC MCCULLOUGH, | Civil Action No. |
| Plaintiff, | |
| v. | JURY TRIAL DEMANDED |
| MR. POOL, INC., AND RYAN WILLIAMS | |
| Defendants. | |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Eric McCullough ("Plaintiff" or "Mr. McCullough"), by and through their undersigned counsel, and files this, their Complaint for Damages against Defendants Mr. Pool, Inc. ("Mr. Pool"), and Ryan Williams and shows the Court as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action for declaratory relief, along with liquidated and actual damages, reasonable attorney fees and costs for Defendants' failure to pay federally mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 et seq. (hereinafter the "FLSA") and an FLSA retaliation claim for engaging in protected activity.

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3.

The unlawful employment practices alleged in this Complaint were committed within this district.

4.

Defendant Mr. Pool does business in and is engaged in commerce in the State of Alabama and is subject to jurisdiction over the claims asserted herein. Venue is proper in this district pursuant to 29 U.S.C. § 1391(b) and 42 U.S.C. §2000(e) -5(f) because Defendant has conducted business in this district and a substantial part of the events and omissions that give rise to Plaintiff's claims occurred in this district.

5.

Defendant Ryan Williams is an Alabama resident and is subject to the general jurisdiction in this Court. In additon, a substantial part of the events and omissions that give rise to Plaintiff's claims occurred in this district. In accordance with 28 U.S.C. § 1391(b) and 42 U.S.C. §2000(e) -5(f), venue is appropriate in this Court as to Defendant Ryan Williams.

## PARTIES AND FACTUAL ALLEGATIONS

6.

Plaintiff is a Male citizen of the United States of America and resident of the State of Alabama and is subject to the jurisdiction of this Court.

7.

At all times relevant, Defendant Mr. Pool was a private employer engaged in interstate commerce, and its gross revenues from commercial activities exceeded $500,000.

8.

Defendant Ryan Williams is the owner of Defendant Mr. Pool and exercised control over Plaintiff's conditions of employment, including exercising power over hiring and firing, supervision, work schedules, and compensation.

9.

Defendants are "employers" as the term has been defined by the FLSA.

10.

During the relevant time period, February 12, 2018 to September 8, 2021, Plaintiff was employed by Defendants.

11.

Plaintiff was an "employee" of Defendants, as the term has been defined by the FLSA, 29 U.S.C.S. § 201 et seq., 29 U.S.C. §203(e).

12.

Throughout Plaintiff's employment with Defendant, Plaintiff performed non-exempt work as a pool installer.

13.

From February 12, 2018 to September 8, 2021(the relevant statutory period for Plaintiff's FLSA claim), Plaintiff was paid a flat sum each week, without regard to the number of hours worked and without overtime compensation, calculated at one and one-half times his regular rate, for the hours he worked in excess of 40 in work weeks.

14.

Plaintiff worked an amount of time that was more than (40) hours in given work weeks and was not paid the overtime wage differential for hours worked over (40) in such weeks.

15.

During Plaintiff's employment with Defendants, Defendants suffered or permitted Plaintiff to work in excess of 40 hours in given workweeks without receiving overtime compensation.

16.

Defendants knew or had reason to know that Plaintiff regularly worked in excess of 40 hours in workweeks without overtime compensation.

17.

At all times material hereto, Plaintiff worked sixty-five (65) hours to seventy-five (75) hours per work week.

18.

Plaintiff voiced concern to his supervisors Mr. Drew Speeks (now, "Mr. Speeks") and Mr. DJ <u>LNU</u> (now, "Mr. DJ") on numerous occasions that he was not getting paid overtime for hours worked over 40 hours a week. His supervisors' responses were "You just have to take the bitter with the sweet".

19.

In early 2021, Plaintiff eventually texted the owner Ryan Williams about why he was not receiving overtime pay. Plaintiff's questions and concerns were not addressed by Mr. Williams.

20.

After inquiring about overtime pay again in August of 2021, Plaintiff was instructed to report to work at different times from the other crew members and then be criticized for arriving later than the others.  Plaintiff felt as though Defendant was setting him up for failure and trying to strongarm him into quitting because of his complaints about overtime.

21.

On September 8, 2021, Defendant Ryan Williams informed Plaintiff that he was taking the company in a new direction and Plaintiff's employment was terminated.

22.

Any reason given for Plaintiff's termination is pretext for unlawful retaliation in response to his protected activity.

23.

Plaintiff has suffered damages, including lost wages and emotional distress as a result of Defendants' retaliatory action, for which he is entitled to recover.

## CLAIMS FOR RELIEF

## COUNT I:  VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

24.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

25.

Defendants have violated the FLSA, 29 U.S.C § 201, et seq., including but not limited to 29 U.S.C. §207, by failing to pay overtime wages for hours Plaintiff worked in excess of (40) hours in given workweeks.

26.

Defendants have violated the FLSA, 29 U.S.C. §207, by failing to pay overtime wages for time that Plaintiff worked in excess of forty (40) hours in given workweeks.

27.

Defendants' actions, policies, and/or practices as described above violate the FLSA's overtime requirement by regualarly and repeatedly failing to compensate Plaintiff at the required overtime rate.

28.

Pursuant to the FLSA, 29 U.S.C. §216, Plaintiff brings this lawsuit to recover unpaid overtime wages, liquidated damages in an equal amount to unpaid overtime, attorneys' fees, and the costs of this litigation.

29.

Defendant knew or showed reckless disregard for the fact its actions, policies, and/or omissions violated the FLSA.

30.

Defendants' violations of the FLSA were willful and in bad faith, thus entitling Plaintiff to a three-year statute of limitations on his claims.

31.

Defendant suffered or permitted Plaintiff to work unpaid overtime hours, and had actual or constructive knowledge that Plaintiff was working unpaid overtime hours.

## COUNT II: RETALIATION IN VIOLATION OF
## THE FAIR LABOR STANDARDS ACT

32.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

33.

Plaintiff engaged in protected activity by opposing Defendants' willful refusal to pay overtime compensation to an employee. Plaintiff therefore engaged in protected activity under the FLSA.

34.

Defendants responded to Plaintiff's protected activity by terminating his employment.

35.

29 U.S.C. § 215(a)(3) makes it unlawful for any person…to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or

related to [the FLSA] or has testified or about to testify in any such proceeding, or has served or is about to serve on an industry committee.

36.

The FLSA's definition of the word "person" includes "an individual, partnership, association, corporation, business trust, legal representative, or any organized group of persons."

37.

Defendants are a "person" under the FLSA and were prohibited from retaliating against Plaintiff because he engaged in activity protected under the FLSA.

38.

Defendants' actions, policies and/or practices as described above in terminating Plaintiff violate the FLSA's anti-retaliation provision, 29 U.S.C. § 215(a)(3).

39.

Defendants knew that their conduct violated the FLSA, and Defendants acted with malice or with reckless indifference to Plaintiff's federally protected rights.

40.

Defendants' violations of the FLSA were willful and in bad faith.

41.

Plaintiff engaged in statutorily protected activity under the FLSA by opposing an employment practice he believed was unlawful under the FLSA.

42.

Plaintiff's statutorily protected activity was the determinative factor in Defendants' decision to terminate his employment.

43.

Plaintiff worked more than forty (40) hours in the workweeks throughout his employment and did not receive compensation for all hours worked and/or did not receive overtime compensation for all of the overtime hours worked.

44.

Plaintiff suffered adverse actions as a result of his statutorily protected conduct, *to wit*: Defendant terminated his employment.

45.

As a direct and proximate result of the retaliation, Plaintiff has suffered damages, including lost wages and emotional distress, for which he is entitled to recover from Defendant.

46.

Pursuant to the FLSA, 29 U.S.C. § 215(a)(3), Plaintiff is entitled to recover actual and liquidated damages, including lost wages, as well as compensatory

damages, attorneys' fees, and the costs of this litigation incurred in connection with these claims.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment as follows:

(a.)    Grant Plaintiff a trial by jury as to all triable issues of fact;

(b.)    Enter judgment against Defendant and awarding Plaintiff unpaid wages pursuant to the FLSA, 29 U.S.C. §§ 206(d), 207, and 216, liquidated damages as provided by 29 U.S.C. § 216, pre-judgment interest on unpaid wages, court costs, expert witness fees, and reasonable attorneys' fees pursuant to 29 U.S.C. § 216, and all other remedies allowed under the FLSA;

(c.)    Grant declaratory judgment declaring that Plaintiff's rights have been violated and that Defendant violated the FLSA;

(d.)    Grant Plaintiff leave to add additional state law claims if necessary; and

(e.)    Award Plaintiff such further and additional relief as may be just and appropriate.

This 22nd day of June, 2022.

**BARRETT & FARAHANY**

s/ *John E. Tomlinson*
John E. Tomlinson
Alabama Bar No. 4095O78T

*Counsel for Plaintiff*

2 20th St N, Suite 900
Birmingham, AL 35203
(404) 214-0120
john@justiceatwork.com